Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000809
31-JUL-2014
08:05 AM

NO. CAAP-13-0000809

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

WALTER Y. ARAKAKI, GENERAL CONTRACTOR, INC.,
A HAWAI'I CORPORATION,
Plaintiff/Counterclaim Defendant/Appellant,
v.
SCD-OLANANI CORPORATION, A HAWAI'I CORPORATION,
STANFORD S. CARR, Defendants/Cross-Claim Defendants/Appellees,
and
GE CAPITAL HAWAI'I, INC., A HAWAI'I CORPORATION,
Defendant/Counterclaim Plaintiff/Cross-Claim Plaintiff/Appellee,
and
STEPHEN H. SWIFT, Defendant/Cross-Claim Defendant/Appellee,
and
JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10,
DOE CORPORATIONS 1-10, DOE ENTITIES 11-10, AND
DOE GOVERNMENTAL UNITS 1-10, Defendants

---

GE CAPITAL HAWAI'I, INC., A HAWAI'I CORPORATION,
Defendant/Third-Party Plaintiff/Appellee,
v.
STANFORD CARR DEVELOPMENT CORPORATION, A HAWAI'I CORPORATION,
Defendant/Third-Party Defendant/Appellee,

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 99-2261-06)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Reifurth, JJ.)

Plaintiff/Counterclaim-Defendant/Appellant Walter Y. Arakaki, General Contractor Inc. (**Arakaki**) appeals from the April 18, 2013 "Order Denying Walter Y. Arakaki, General Contractor, Inc.'s Renewed Motion for Award of Attorneys' Fees Because of

Abusive Litigation Practices" (**Arakaki's Renewed Motion**), entered in the Circuit Court of the First Circuit[1] (**circuit court**).

Arakaki contends the circuit court erred by:

(1) ruling no clear evidence existed to show that Defendant/Cross-Claim Defendant/Appellee SCD-Olanani Corporation (**SCD**) acted in bad faith when it: (a) opposed enforcement of the parties' December 21, 2000 settlement on September 16, 2008 and April 12, 2011, and (b) moved to set aside the December 21, 2000 settlement on September 16, 2008; and

(2) ruling no clear evidence existed to show that: (a) SCD acted in bad faith when SCD's counsel argued on May 9, 2011 that the subject property located at 45-539 Mokulele Drive, Kane'ohe, Hawai'i 96744, TMK No. (1)4-5-38-15 (**Property**) had to be remediated to remove asbestos, and (b) SCD expended $200,000 towards this end.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Arakaki's appeal is without merit.

Arakaki contends the circuit court should have awarded attorneys' fees because SCD engaged in abusive litigation practices. Circuit courts have the inherent power to curb abuses and promote a fair process, including the power to "assess attorney's fees for abusive litigation practices[.]" Kukui Nuts of Hawaii, Inc. v. R. Baird & Co., 6 Haw. App. 431, 436, 726 P.2d 268, 272 (1986) (quoting Roadway Express, Inc. v. Piper, 447 U.S. 752, 764 (1980)). A "particularized showing of bad faith is required to justify the use of the court's inherent power[.]" Kaina v. Gellman, 119 Hawai'i 324, 331, 197 P.3d 776, 783 (2008) (citing Enos v. Pac. Transfer & Warehouse, Inc., 79 Hawai'i 452, 458, 903 P.2d 1273, 1279 (1995)). A showing of bad faith must be supported by clear and convincing evidence. See Matsuura v. E.I. du Pont de Nemours & Co., 102 Hawai'i 149, 152 n.7, 73 P.3d 687, 690 n.7 (2003) opinion after certified question answered, 330 F.

---

[1] The Honorable Jeannette H. Castagnetti presided.

Supp. 2d 1101 (D. Hawai'i 2004), rev'd and remanded sub nom. Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353 (9th Cir. 2005) (concluding trial court's findings that defendant engaged in abusive litigation practices in bad faith were based on clear and convincing evidence). See also Bank of Hawaii v. Kunimoto, 91 Hawai'i 372, 393, 984 P.2d 1198, 1219 (1999) (concluding the lower court's finding of an attorney's bad faith conduct was properly supported by clear and convincing evidence in the record). In this case, there was no clear and convincing evidence of abusive litigation practices by SCD.

Contrary to Arakaki's contention, the circuit court did not "ignore[]" SCD's alleged admission that it lacked a basis to substantiate allegations of fraud underlying the 1996 sale of the Property by Defendant/Cross-Claim Defendant/Appellee Stephen Swift. The record includes letters from the State of Hawai'i Department of Health, Solid and Hazardous Waste Branch (DOH) dated August 14, 1992 and February 18, 1993 that indicated a "history of [construction/demolition] waste burial at the site." The circuit court further considered "clarifications" in DOH's subsequent November 18, 2003 letter, which stated DOH did not "imply that there is no contamination associated with the materials placed at the site." The circuit court did not err by finding SCD's reliance on DOH's 1992 and 1993 letters, even in light of DOH's clarifications in 2003, did not constitute clear and convincing evidence of bad faith.

The record reflects that prior to May 31, 1996, a consultant inspected the Property and concluded "[i]t is impossible to declare that there are no hazardous materials on the [Property]" and a September 4, 2001 report by Clayton Group Services (Clayton Report) included an interview with an adjacent property owner who stated, "a demolition contractor purchased the [Property] and disposed of building materials . . . [and] governmental authorities visited the site and fined the contractor for dumping debris and asbestos-containing materials."

DOH's assumptions as presented in its November 18, 2003 correspondence, together with other evidence, including the Clayton Report, constituted credible evidence supporting the

3

circuit court's finding that there was no clear and convincing evidence that SCD's fraud and mutual mistake arguments regarding the 1996 sale of the Property were made in bad faith.

Arakaki contends SCD counsel's error regarding SCD's expenditures on clean-up and remediation of asbestos on the Property and the contents of the Clayton Report were evidence of SCD's bad faith. Arakaki notes that the Clayton Report stated that its "assessment has revealed no evidence of recognized environmental conditions in connection with this property." However, the Clayton Report further stated that five tiles containing asbestos were observed and that a "limited asbestos survey" had been conducted, but that the "asbestos sampling was limited in nature, and cannot be considered a comprehensive asbestos inspection. The results of the analyses should not be interpreted to include all asbestos or all building materials." At the March 13, 2013 hearing, SCD's counsel agreed with the circuit court that the Clayton Report was inconclusive as to the extent of asbestos contamination.

Regarding SCD counsel's representation that $200,000 was expended in clean up and remediation of asbestos, the circuit court declined to find SCD or SCD's counsel engaged in bad faith litigation practices because SCD's counsel disclosed his error to the circuit court at the March 13, 2013 hearing and the allegations of bad faith litigation practices did not extend to SCD's counsel. The circuit court did not err by not finding clear and convincing evidence that SCD's counsel acted in bad faith.

Arakaki also contends that SCD's mid-December 2009 "supplemental response" to Arakaki's discovery requests showed the lack of substantiation for SCD's property-sale fraud claims and therefore SCD's continued litigation on these bases constituted abusive litigation practices. In its April 12, 2011 Motion to Enforce Settlement Agreement and For Dismissal of Case, Arakaki referred specifically to Exhibits "U"-"W", documents produced by SCD in response to Arakaki's discovery requests. While Exhibits "U"-"W" showed SCD's knowledge of unauthorized dumping activity after the 1996 Property sale, they did not

4

establish that SCD knew that no unauthorized activity or asbestos contamination occurred prior to 1996.

Therefore,

IT IS HEREBY ORDERED that the April 18, 2013 "Order Denying Walter Y. Arakaki, General Contractor, Inc.'s Renewed Motion for Award of Attorneys' Fees Because of Abusive Litigation Practices," entered in the Circuit Court of the First Circuit is affirmed.

DATED: Honolulu, Hawai'i, July 31, 2014.

On the briefs:

Melvin Y. Agena
and
Brian K. Yomono
for Plaintiff/Counterclaim
Defendant/Appellant.

Lyle S. Hosoda
Raina P.B. Gushiken
(Hosoda & Morikone)
for Defendants/Cross-Claim
Defendants/Appellees.

Chief Judge

Associate Judge

Associate Judge